# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:26-CV-00081-MEO

| | |
|---|---|
| In re: | ) |
| | ) |
| **JAMAAL A. GITTENS,** | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| **JAMAAL A. GITTENS,** | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| **BRADLEY ARANT BOULT CUMMINGS** | ) |
| **LLC, PHH MORTGAGE SERVICES, and** | ) |
| **BROCK & SCOUT, PLLC,** | ) |
| | ) |
| Appellees. | ) |
| | ) |

**MEMORANDUM & ORDER**

**THIS MATTER** is before the Court on the Appellant's "Response to Order to Show Cause." (Doc. No. 18). For the reasons explained below, Appellant's appeal from Bankruptcy case number 25-3136 is **DISMISSED**, and Appellant and Appellee's Motions (Doc. Nos. 7, 9, 12, 23, 26) are **DENIED AS MOOT**.

## I.     BACKGROUND

Appellant Jamaal A. Gittens filed his Notice of Appeal from Bankruptcy case number 25-3136 on January 29, 2026. (Doc. No. 1). On March 2, 2026, the Bankruptcy Court filed a Memorandum with this Court advising that "Appellant has failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented to the United States District Court as required by the Federal Rule of Bankruptcy Procedure 8009(a)." (Doc. No. 16). On March 5, 2026, this Court *sua sponte* ordered Appellant to show cause as to

why his appeal should not be dismissed for failure to file a designation of record and statement of the issues. (Doc. No. 17 at 2). In its Order, this Court warned Appellant that failure to file the required designation of record and statement of issues could warrant dismissal of his appeal. (Doc. No. 17 at 1–2). The Court received Appellant's "Response to Order to Show Cause" (the "Response") (Doc. No. 18) as well as Appellant's "Statement of Issues on Appeal" (the "Statement") (Doc. No. 19) on March 6, 2026. However, neither filing brings Appellant into compliance with the Federal Rules of Bankruptcy Procedure.

## II. DISCUSSION

Federal Rule of Bankruptcy Procedure 8009(a) requires an appellant to "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). Federal Rule of Bankruptcy Procedure 8003(a)(2) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see also In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) ("If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal.").

Before the Court may dismiss an appeal for failure to comply with the Federal Rules of Bankruptcy Procedure, the Court must "consider and balance" four factors from *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).[1] The district court must "1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3)

---

[1] The *Serra Builders* court "only required the district court to take one of the four steps," but the Fourth Circuit has since clarified that "'a proper application of the *Serra Builders* test will normally require a district court to consider and balance all relevant factors.'" *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (quoting *In Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70, 74 (4th Cir. 1995)).

consider whether the delay had any possible prejudicial effect on the other parties; [and] 4) indicate that it considered the impact of the sanction and available alternatives." *Id.*[2] "The sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline" is a harsh one "which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d at 1311.

The first *Serra Builders* factor requires this Court to make a finding related to bad faith or negligence, and this factor favors dismissal. As of March 31, 2026, 61 days have passed since Appellant filed his Notice of Appeal, and Appellant has failed to comply with the applicable rules and properly file a designation of the items to be included in the record and statement of issues. While Appellant's failure to file in compliance with applicable rules does not necessarily indicate bad faith, Appellant's actions are at least negligent. *Id.* (affirming the district court's finding that appellant was negligent with regards to Bankruptcy Court procedures when appellant filed his designation of items to be included on the record on appeal fifteen days late); *Barron v. Rafidi*, No. 3:15CV323, 2015 WL 7288693, at *1 (W.D.N.C. Nov. 16, 2015) ("The court finds that Appellants' failure to timely file and serve a designation of the record and statement of issues to be presented on appeal, while perhaps not in bad faith, is certainly negligent."). Therefore, this Court finds negligence on the part of Appellant, and the first *Serra Builders* factor weighs in favor of dismissal.

The second *Serra Builders* factor requires the Court to give the appellant notice and an opportunity to explain the delay. The Court has done so, and this factor favors dismissal. Through its recent show cause Order, the Court ordered Appellant to file a designation of record and

---

[2] Since the Fourth Circuit decided *In re Weiss* and *In re Serra Builders, Inc.*, the Federal Rules of Bankruptcy Procedure were amended, but these amendments do not change the Court's application of the *Serra Builders* factors to the present matter. *See In re Dunlap*, No. 3:16-CV-00037-RJC, 2017 WL 374915, at *2 (W.D.N.C. Jan. 25, 2017), *aff'd*, 697 F. App'x 176 (4th Cir. 2017) ("Under the Federal Rules of Bankruptcy Procedure, an appellant must properly present issues for appeal pursuant to Rule 8009 (formerly Rule 8006).").

statement of issues and provide the Court with good cause explaining his failure to do so in a timely manner. (Doc. No. 17 at 2). In his Response, Appellant states as follows:

> I wasn't familiar with the process regards to designation of record appeals, regards to the statement of issues, it was error on my part, I'm forwarding the statement of issues, it pertains to the initial adversary complaint, I filed; motion for summary judgment, I was informed by bankruptcy. That district has the record[.]

(Doc. No. 18). While the Court appreciates Appellant's *pro se* status and his candor to the Court, Appellant has not provided a compelling reason for the delay or for his failure to comply with applicable rules. *See Barron*, 2015 WL 7288693, at \*1 ("It matters not that the Appellants are *pro se*. . . . '[M]isinterpretation or ignorance of the applicable time limits even by pro se litigants does not constitute excusable neglect.") (citation omitted). Although Appellant responded to the Court's Show Cause Order on March 6, 2026, (Doc. Nos. 18, 19), his responses do not bring Appellant into compliance with the Federal Rules of Bankruptcy Procedure. To date, Appellant has not filed with the Bankruptcy Court a designation of the items to be included in the record on appeal as required by Rule 8009(a). *See generally* Bnkr. Case No. 25-3136. Instead, Appellant has merely indicated "[t]hat district has the record." (Doc. No. 18). The Statement of the Issues he filed in this Court provides "my case was dismissed . . . due to judicial bias," (Doc. No. 19), but Appellant has not filed a Statement of Issues on Appeal with the Bankruptcy Court as required by Rule 8009(a). *See generally* Bankr. Case No. 25-3136. Therefore, the second factor weighs in favor of dismissal.

The third *Serra Builders* factor requires the Court to consider whether the delay had any possible prejudicial effect on the other parties, and this factor weighs in favor of dismissal. Due to Plaintiff's failure to adhere to the Federal Rules of Bankruptcy Procedure, Defendants have needed to file motions to extend time to protect their interests. (Doc. No. 24, 27). Additionally, Appellant's failure to follow the procedural rules in this appeal "burdens this court's docket, unnecessarily

delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *White v. Valley Nat'l Bank*, No. 0:14-1621-MBS-PJG, 2014 U.S. Dist. LEXIS 110726, at*4 (D.S.C. June 27, 2014) (quoting *Bhagani v. Doyle*, No. 2:13-53-DCN-BHH, 2013 U.S. Dist. LEXIS 46288 *4 (D.S.C. Mar. 1, 2013), *adopted by* 2013 U.S. Dist. LEXIS 40989 (D.S.C. Mar. 25, 2013)). Therefore, this factor weighs in favor of dismissal.

The fourth and final *Serra Builders* factor requires the Court to indicate that it considered the impact of the sanction and available alternatives. The Court has done so and is "persuaded that a less severe sanction would be futile here" since Appellant has "'consistently disregarded procedural rules.'" *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. GJH-21-11862022, 2022 WL 861395, at *4 (D. Md. March 23, 2022) (quoting *Tekmen v. John E. Harms, Jr. & Assocs., Inc.*, 11-cv-1385-RDB, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011)). Additionally, "[i]f this court imposes any sanction other than dismissal, it will countenance [Appellant's] 'abuse [of] the judicial process by creating a procedural delay without any real threat of penalty.'" *Barron*, 2015 WL 7288693, at *1 (citation omitted). Therefore, the Court has considered the impact of the sanction and available alternatives, but consequently, the Court finds that the fourth *Serra Builders* factor weighs in favor of dismissal.

The Court recognizes the loss of one's property or home is a difficult and deeply personal hardship. The Court extends its sincere empathy to Appellant during this challenging time. However, this Court cannot decide the case on the basis of empathy, and the balance of the *Serra Builders* factors weighs in favor of dismissal of the appeal.

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from Bankruptcy case number 25-3136 is **DISMISSED**. Appellant's "Petition for Writ of Habeas Corpus Under 28 USC 2254" (Doc. No. 26), "Motion for Granting Injunction Relief" (Doc. No. 7), "Motion for Granting

Injunction Removal" (Doc. No. 9), and "Motion to Vacate Judgment" (Doc. No. 12), are **DENIED AS MOOT**. Appellee's "Motion to Dismiss Appeal" (Doc. No. 23) is **DENIED AS MOOT**. The Clerk is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

**SO ORDERED.**

Signed: March 31, 2026

Matthew E. Orso
United States District Judge